Leslie JEFFERSON, Plaintiff–
Appellant

v.

James LONGINO; Christopher Freder-
ick; Michele Dauzat; Jerry Goodwin;
James Leblanc; Sergeant McNeal, De-
fendants–Appellees.

No. 13–30321
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 7, 2014.

Leslie Jefferson, Jackson, LA, pro se.

Before BARKSDALE, HAYNES, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Leslie Jefferson, Louisiana prisoner
# 442442, proceeding *pro se* and *in forma
pauperis* (IFP), appeals the dismissal—as
frivolous, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B) (requiring court to dis-
miss frivolous claims) and 1915A(b)
(same)—of his 42 U.S.C. § 1983 complaint,
in which he challenged a prison disciplin-
ary conviction. Jefferson contends: the
evidence was insufficient for a disciplinary
board to find against him; the disciplinary
reports were falsified and without factual
support; and the investigation was im-
proper.

The district court found Jefferson's com-
plaint was frivolous because it was barred

by *Heck v. Humphrey*, 512 U.S. 477, 486–
87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)
(holding § 1983 claimant may not recover
damages for unconstitutional conviction
where conviction has not been, *inter alia*,
reversed, expunged, or called into question
by issuance of a writ of habeas corpus),
and *Edwards v. Balisok*, 520 U.S. 641,
646–47, 117 S.Ct. 1584, 137 L.Ed.2d 906
(1997) (extending *Heck* to prison disciplin-
ary proceedings). In his appellate brief,
however, Jefferson does not address the
legal basis for the district court's decision.
When appellant fails to identify error in
the district court's analysis, it is as if ap-
pellant had not appealed that issue.
*Brinkmann v. Dall. Cnty. Deputy Sheriff
Abner*, 813 F.2d 744, 748 (5th Cir.1987).
Jefferson's claims regarding his prison dis-
ciplinary conviction, therefore, are deemed
abandoned. *See Yohey v. Collins*, 985
F.2d 222, 224–25 (5th Cir.1993); *see also
Hughes v. Johnson*, 191 F.3d 607, 613 (5th
Cir.1999).

In addition, because Jefferson's appeal
is without arguable merit, it is frivolous.
*See Howard v. King*, 707 F.2d 215, 219–20
(5th Cir.1983). Accordingly, the appeal is
dismissed. *See* 5th Cir. R. 42.2.

The district court's dismissal of Jeffer-
son's complaint as frivolous and this
court's dismissal of his appeal as frivolous
count as two strikes for purposes of 28
U.S.C. § 1915(g). *See, e.g., Adepegba v.
Hammons*, 103 F.3d 383, 388 (5th Cir.
1996). Jefferson is cautioned that, if he
accumulates three such strikes, he will no
longer be allowed to proceed IFP in any
civil action or appeal filed while he is incar-
cerated or detained in any facility, unless
he "is under imminent danger of serious
physical injury". 28 U.S.C. § 1915(g).

---

DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.